UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THARIN MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   20-3313 |
| | ) |
| ROCHELLE BRINEY, *et al.* | ) |
| | ) |
| Defendants. | ) |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Stateville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging First Amendment retaliation and Fourteenth Amendment procedural due process claims arising from the denial of access to his mental health records. The matter comes before this Court for ruling on the Defendants' Motions for Summary Judgment. (Docs. 49, 53). The motions are granted.

## PRELIMINARY MATTERS

### Plaintiff's Motion to Object (Doc. 58)

Plaintiff's motion objecting to Defendants' previous requests for extensions of time is denied. The extensions Defendants requested were not unreasonable, Plaintiff does not appear to have been prejudiced, and permitting the extensions allows the Court to resolve Plaintiff's claims on the merits.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party,

and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was incarcerated at Western Illinois Correctional Center ("Western") during all times relevant. Defendants were employed at the facility in the following capacities: Defendant Briney was a Mental Health Professional; Defendant Mermigas was a tele-psychiatrist; and, Defendant Hewitt Meyer was a Public Service Administrator.

Plaintiff requested a copy of his mental health records on October 16, 2018. (Doc. 49-2 at 1). On October 31, 2018, Plaintiff met with Defendant Mermigas for a telepsychiatry session. (Doc. 49-3 at 1). The medical notes from this session indicate that Plaintiff was not cooperative, that he ended the meeting when Defendant asked about thoughts of self-harm and suicidal ideation, and that he repeatedly told Defendant Mermigas, "I'll write you up! I am going to report you!" *Id.* Defendant Mermigas requested a crisis team evaluation, and Plaintiff remained on crisis watch until November 2, 2018. (Doc. 49-9 at 1). Plaintiff told Defendant Briney about his complaints regarding Defendant Mermigas on November 2, 2018. (Doc. 49-8 at 1). Plaintiff refused his November 5, 2018, and November 14, 2018, appointments with Defendant Mermigas. (Doc. 49-9).

Plaintiff received his then-most-recent mental health psychiatric plan on or about November 14, 2018, in response to his October 2018 request for mental health records. (Doc. 49-2 at 2). Prison officials withheld the remainder of Plaintiff's records pursuant to prison regulations and an Illinois law that permit officials to withhold mental health records when "a therapist certifies in writing [that disclosure] is likely to result in physical harm to the offender, other offenders, or [IDOC] employees, contractors, or volunteers." 20 Ill. Admin. Code § 107.330(b)(1)(B). Plaintiff instead received a document entitled "Clinical Record Nondisclosure Certification" that read:

> After a review of the offender's clinical records, the following reports, sections, or other information have been deleted: All records with the exception of the most recent Mental Health/Psychiatric Treatment Plan. If you would like other records please put in a request to meet with a Mental Health Professional to discuss any and all options available.

(Doc. 56 at 70). The bottom of the form included Defendant Briney's signed certification, dated November 9, 2018, that disclosure of the records would likely result in physical harm to Plaintiff or others. *Id.* Prison officials did not provide Plaintiff with notice or a hearing prior to withholding his records.

Plaintiff filed a grievance about the failure to produce records on December 6, 2018. (Doc. 49-11 at 3-9). Defendant Hewitt Meyer sent Plaintiff a letter dated February 8, 2019, in response stating that her investigation did not uncover any improper conduct. (Doc. 49-1). She also informed Plaintiff that none of his records had been deleted and told him to follow up with his primary therapist and psychiatrist. *Id.* Plaintiff later received the requested records; none had been deleted.

## ANALYSIS

### First Amendment Retaliation Claim

Plaintiff cannot hold an official liable under § 1983 unless the official was personally involved in the alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff concedes that Defendant Mermigas was not involved in the decision to withhold his mental health records. Pl.'s Dep. 49:13-15. Defendant Hewitt Meyer's role in investigating his grievances is not sufficient to establish personal liability. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). The Court finds that no reasonable inference exists that these defendants violated Plaintiff's First Amendment rights.

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Once a plaintiff establishes a prima facie case of retaliation, "[t]he burden then shifts to the defendants to show that they would have taken the action despite the bad motive." *Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). If the defendants provide a sufficient explanation, a plaintiff can prevail if he provides evidence showing that the reason provided is pretextual or dishonest. *Kidwell v. Eisenhauer*, 679 F.3d 957, 970 (7th Cir. 2012).

Plaintiff asserts that the threats he made towards Defendant Mermigas during the October 31, 2018 therapy session is his protected First Amendment activity. Defendants do not challenge this assertion, and, therefore, the Court assumes that Plaintiff has satisfied the first prong. Plaintiff's grievance is also protected under the First Amendment, but the timing of his grievance in relation to the alleged retaliatory conduct negates an inference that it motivated Defendants' actions.

Defendant Briney asserts that she withheld the records pursuant to the nondisclosure law cited above. At the time she signed the certification, Plaintiff had recently refused to discuss issues regarding his inclination to engage in self-harm, he had just completed crisis watch, and he refused to meet with Defendant Mermigas for a follow-up appointment. Plaintiff has not produced any evidence showing that the reasons for withholding the records were pretextual or dishonest or that the delay in receiving his records amounted to a deprivation likely to deter future First Amendment activity. The Court finds that no reasonable juror could conclude that Defendants violated Plaintiff's First Amendment rights.

### Fourteenth Amendment Procedural Due Process Claim

Plaintiff does not have a constitutionally recognized property or liberty interest in access to his medical records. *Young v. Murphy*, 90 F.3d 1225, 1236 (7th Cir. 1996). Nor can he create one by showing a violation of state law or prison rules. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). In the absence of a cognizable liberty or property interest, Plaintiff is not entitled to the procedural protections of the due process clause. *Cheli v. Taylorville Comm. Sch. Dist.*, 986 F.3d 1035, 1038-39 (7th Cir. 2021) (procedural protections of the Fourteenth Amendment not triggered unless the plaintiff was deprived of a cognizable property interest).

The Court finds that no reasonable juror could conclude that Defendants' failure to provide Plaintiff with a hearing prior to withholding a portion of his mental health records violated Plaintiff's Fourteenth Amendment rights.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [58] is DENIED.**

2) **Defendants' Motions for Summary Judgment [49][53] are GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith.** See **Fed. R. App. P. 24(a)(1)(c);** see also *Celske v Edwards*, **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 16th day of February, 2023.

                                *s/Sara Darrow*
                                SARA DARROW
                              CHIEF U.S. DISTRICT JUDGE